**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHARLES GATES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1703 |
| | § | |
| WAL-MART STORES, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

The defendant, Wal-Mart Stores, Inc. d/b/a Sam's Club, removed this slip-and-fall case from a Texas state court on the basis of diversity jurisdiction and moves for summary judgment on the plaintiff's premises liability claim. (Docket Entry No. 22). Sam's Club relies on Charles Gates's deposition testimony and has attached excerpts as summary judgment evidence. Based on a careful review of the motion and supporting evidence, the pleadings, and the applicable law, this court grants the summary judgment motion and by separate order enters final judgment. The reasons are set out below.

**I.      Background**

Gates alleged and testified that on April 20, 2004, at a Sam's Club store in Houston, Texas, he slipped on a piece of ice and fell, injuring his knee. Gates testified that he paid for his purchases, then pulled a bag of ice from the ice machine in the store. As he pulled a bag of ice out of the machine, either that bag or a second bag came out of the machine and broke, spilling ice onto the floor in front of the machine. Gates slipped on a piece of that ice and

fell.  Gates alleges that the store was in an unreasonably dangerous condition because the ice was stored in flimsy bags and because the store did not have a nonskid mat in front of the ice machine.  (Docket Entry No. 1, Ex. A).

Sam's Club has moved for summary judgment on the ground that, as a matter of Texas law and based on the undisputed evidence, Gates cannot recover on his premises liability claim.  Sam's Club asserts that Gates's own testimony shows that the store did not have actual or constructive knowledge of the allegedly dangerous conditions, a necessary element for a premises liability claim under Texas law.

## II.    Analysis

### A.    The Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c).  The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact.  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  If the burden of proof at trial lies with the nonmoving party, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element or claim.  *Celotex*, 477 U.S. at 330.  The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but

2

need not negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). "An issue is material if its resolution could affect the outcome of the action." *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)). If the moving party fails to meet its initial burden, the summary judgment motion must be denied, regardless of the nonmovant's response. *Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim. *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 302 (5th Cir. 2004). This burden is not satisfied by "some metaphysical doubt as to the material facts," "conclusory allegations," "unsubstantiated assertions," or "only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994).

In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. "Rule 56 mandates the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### B.    Texas Law on Premises Liability

Under Texas law, Gates was Sam's Club's invitee and owed him a duty to exercise reasonable care to protect him from dangerous conditions in the store known or discoverable to it.  *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).  Sam's Club's duty toward its invitees does not make it an insurer of their safety.  *Id*.  To recover damages in a slip-and-fall case, Gates must prove: (1) that Sam's Club had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm; (3) that Sam's Club did not exercise reasonable care to reduce or eliminate the risk; and (4) that Sam's Club's failure to use such care proximately caused Gates's injuries. *Id*.

Sam's Club relies heavily on the recent Texas Supreme Court case *Brookshire Grocery Co. d/b/a Brookshire Food Stores v. Taylor*, No. 03-0408, 2006 WL 3456559 (Tex. Dec. 1, 2006).  In that case, the plaintiff slipped and fell on a piece of ice in front of a self-service soft-drink dispenser in the defendant's store.  The plaintiff alleged that the store was unreasonably dangerous because there were not enough mats in front of the machine.  A store employee testified that ice fell to the floor from the soft-drink dispenser on a daily basis, that users were prone to spill ice from time to time, and that ice on the floor was a hazard to customers and had to be cleaned up regularly.  The plaintiff slipped on a partly melted piece of fallen ice where the floor was bare.  A store employee admitted that more mats could have been used and warning signs posted.  The Texas Supreme Court rejected the plaintiff's

argument that the ice dispenser itself, as opposed to the ice on which he slipped, was an unreasonably dangerous condition.  The court reasoned:

> Ordinarily, an unreasonably dangerous condition for which a premises owner may be liable is the condition at the time and place injury occurs, not some antecedent situation that produced the condition.
>
> . . . .
>
> No evidence suggests that the soft drink dispenser was set up in such a way that ice on the floor was a greater danger than one would ordinarily encounter with such dispensers, or that customers, though prone to spills, were any more prone around this dispenser.  Taylor's arguments that there should have been more mats and warning signs are relevant to her contention that Brookshire did not exercise reasonable care, but they are not evidence that the dispenser itself was unreasonably dangerous. Otherwise, similar evidence could be used to show that the entire grocery store was unreasonably dangerous, since it is almost always the case that something more could have been done to prevent a customer from being struck by an article falling off a shelf or from slipping on the floor.  A condition is not unreasonably dangerous simply because it is not foolproof.

*Id.* at *2.  The court concluded that the only unreasonably dangerous condition in this case was the ice on the floor and the store did not have actual knowledge of the ice on which the plaintiff slipped.  There was no evidence that the condition had existed long enough, the ice not having fully melted, for the store to have constructive notice.  The court emphasized that "[t]he rule requiring proof that a dangerous condition existed for some length of time before a premises owner may be charged with constructive notice is firmly rooted in our jurisprudence."  *Id.* at *3.  Because the plaintiff had adduced no evidence that the store had

constructive knowledge of the unreasonably dangerous condition that caused her harm—the ice on which she slipped—the store was entitled to summary judgment.

### C.     Analysis

The issue raised by the summary judgment motion is similar to that in *Brookshire Grocery Co.*:  whether as a matter of law the evidence precludes a finding that Sam's Club had actual or constructive knowledge of the allegedly dangerous condition.  Gates asserts that the dangerous condition was the use of flimsy bags for the ice and the absence of mats near the ice machine.  Under Texas law, the dangerous condition is the ice on which Gates fell, not the ice machine or the bags in which the ice was packaged.  Gates testified that the ice spilled a few seconds before he slipped on it and fell.  (Docket Entry No. 22, Ex. A at 32:25–33:17).  As a matter of law, the ice was not on the floor long enough for Sam's Club to have actual or constructive knowledge of the dangerous condition.

The evidence in this case supporting summary judgment is stronger than in *Brookshire Grocery Co.*  In this case, there was no testimony that ice fell to the floor from the machine on a routine basis, posing a hazard to customers, and had to be cleaned up regularly.  Nor was there any testimony that the ice on which the plaintiff fell had been on the floor long enough to begin to melt.  Rather, Gates testified that one bag of ice broke as he pulled a bag out of the machine, spilling the ice, and that he slipped and fell on one piece of that ice.  (Docket Entry No. 22, Ex. A at 29:13–24).

III.    **Conclusion**

The motion for summary judgment is granted.  Final judgment will be entered by separate order.

SIGNED on April 6, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

7